George C. Salmas (SBN 62616)
gsalmas@salmas-law.com
Michael R. Hambly (SBN 119834)
mhambly@salmas-law.com
SALMAS LAW GROUP
1880 Century Park East, Suite 611
Los Angeles, California 90067
Telephone: (310) 556-0721
Facsimile: (310) 788-8923

Attorneys for Defendants
QUEST NUTRITION, LLC and
GENERAL NUTRITION CENTERS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TAKEDA, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST NUTRITION, LLC, a California limited liability company; and GENERAL NUTRITION CENTERS, INC., a Delaware corporation,<br><br>Defendants. | **Case Number**<br><br>**2:13-cv-06656 PSG (JEMx)**<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA MATERIALS (AND DECLARATION OF GEORGE C. SALMAS) IN SUPPORT OF THEIR PRIMARY JURISDICTION MOTION**<br><br>**Date: December 1, 2014**<br>**Time: 1:30 p.m.**<br>**Courtroom: 880**<br>**The Hon. Philip S. Gutierrez**<br><br>Action Filed: September 11, 2013<br>Trial Date: April 7, 2015 |

| | |
|---|---|
| | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Quest Nutrition, LLC ("Quest") and General Nutrition Centers, Inc. hereby request the Court to take judicial notice of the U.S. Food and Drug Administration ("FDA") materials submitted as Exhibits A and B to the supporting Declaration of George C. Salmas attached hereto.  This request for judicial notice is made as part of the Defendants' motion for the court to exercise its discretion to stay or dismiss this case under the primary jurisdiction doctrine pending certain action by the FDA, a motion made (pursuant to Rule 12(c) of the Federal Rules of Civil Procedure) as a motion for judgment on the pleadings.

When considering a motion for judgment on the pleadings, just like with a Rule 12(b)(6) motion, a Court may consider not only the allegations on the face of the Complaint but also matters of which a Court may take judicial notice.  *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice'"); *Morgan v. County of Yolo*, 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006) (citing *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 & n.18 (9th Cir. 1999)); W. Schwarzer, A.W. Tashima & J. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial ¶ 9:339.1 (Rutter Group 2014).

| | 2 | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |
|---|---|---|

As Judge Philip Gutierrez noted in *Thomas v. Financial Recovery Services*, 2013 WL 387968 (C.D. Cal. January 13, 2013), "It is well-settled that … matters that are subject to judicial notice may also be considered in evaluating a motion for judgment on the pleadings."  *Id.* at *2.

Rule 201(b) states: "The court may judicially notice a fact that is not subject to reasonable dispute because it: … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Courts routinely take judicial notice of undisputed matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

"It is appropriate to take judicial notice of … information [that] was made publicly available by government entities [including on websites]."  *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010).

Judicial notice is taken of regulations and other items published by administrative agencies.  *See* R. Jones, G. Rosen, W. Wegner & J. Jones, <u>Rutter Group Practice Guide: Federal Trials and Evidence</u> ¶¶ 8:849, 8:861, 8:863, 8:868, 8:874 (Rutter Group 2004) ("judicial notice may be taken of administrative agency actions, regulations, rules, and reports").  "Records and reports of administrative bodies … clearly constitute [judicially noticeable] materials."  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

In *In re Amgen Inc. Securities Litigation*, 544 F.Supp.2d 1009, 1023 (C.D. Cal. 2008), Judge Philip Gutierrez took judicial notice of product labels "taken

| | 3 | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |
|---|---|---|

from the FDA website" and "a public health advisory posted on the FDA website."

Many district court judges have taken judicial notice of FDA-issued materials in the course of deciding primary jurisdiction motions in putative class action cases. *See, e.g.*, *Swearingen v. Attune Foods, Inc.*, 2014 WL 2094016 at *1-*2 (N.D. Cal. May 19, 2014) (judicial notice taken of "the FDA-issued 'Notice; reopening of comment period; request for comments, data, and information' for the draft guidance for industry entitled 'Ingredients Declared as Evaporated Cane Juice'"); *Figy v. Lifeway Foods*, 2014 WL 1779251 at *3 & n.1 (N.D. Cal. May 5, 2014) ("The Court grants Plaintiff's unopposed request to judicially notice various FDA publications and documents, including guidance documents, warning letters, and policy statements….").

This Court should thus take judicial notice of the relevant portions of the FDA proposed labeling Rule attached as Exhibit A and the FDA notice of extension of the comment period for the proposed Rule attached as Exhibit B.

In this case, Plaintiff David Takeda seeks to represent a class of consumers who bought Quest protein bars, which he claims were misbranded due to alleged false and misleading label statements about the bars' fiber and active carbohydrates content. That claim is premised on Quest's use of a fiber substance called isomalto-oligosaccharide ("IMO").

| | 4 | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |
|---|---|---|

Defense counsel printed out from the federal website www.regulations.gov (a multi-agency website where citizens can view federal regulations and other actions by agencies including the federal Food and Drug Administration ("FDA")) a copy in its entirety of a proposed Rule published on March 3, 2014 entitled "Food Labeling: Revision of the Nutrition and Supplement Facts Labels" (to be codified as an amended version of 21 CFR Part 101) which appeared in Volume 79 of the Federal Register at pages 11880 through 11987.

As published in the Federal Register, the Rule is over 100 pages long and covers a wide variety of topics, the vast majority of which have no pertinence to this case.  In light of that, and the massive file size of a scanned pdf of a document that long, Defendants are officially efiling only relevant excerpts of the Rule (with a copy of those excerpts—bracketed to indicate the most relevant passages— attached as Exhibit A).[1]  However, when a mandatory chambers copy of the efiled motion papers are delivered, they will be accompanied by a complete copy of the entire proposed Rule in case the Court wishes to review it (and a complete copy will also be served on Plaintiff's counsel).

The March 2014 proposed Rule on food labeling states that the FDA is defining "dietary fiber" for the first time.  The Rule addresses dietary fiber in

---

[1]  The excerpted pages of Volume 79 of the Federal Register are 11880-11884, 11899, 11909-11912, and 11959 (along with a cover page).  Some of those are pages directly relevant to labeling of fiber and others provide context.

ways directly pertinent to the issues in this case, and mandates that a citizen's

petition process be used to have the FDA declare a particular isolated non-

digestible carbohydrate (such as IMO) declared to be dietary fiber.

Attached as Exhibit B is a copy of an August 23, 2014 printout from

www.regulations.gov showing that in May 2014 the FDA had extended the

comment period for the proposed revised labeling Rule until August 1, 2014 and

that the comment period had closed.

Defendants are requesting that the Court take judicial notice of the official

FDA materials attached as Exhibits A and B.

Dated: September 26, 2014.                    Respectfully submitted,

                                              George C. Salmas
                                              Michael R. Hambly
                                              SALMAS LAW GROUP

                                              By: /s/: *Michael R. Hambly*
                                                   Michael R. Hambly

                                              Attorneys for Defendants
                                              QUEST NUTRITION, LLC
                                              and GENERAL NUTRITION
                                              CENTERS, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF GEORGE C. SALMAS**

I, George C. Salmas, declare as follows:

1. I have been a member of the State Bar of California since 1974, and am admitted to practice before this Court.  I am one of the attorneys for Defendants Quest Nutrition, LLC and General Nutrition Centers, Inc. in this litigation.  I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify competently to such facts.

2. In this case, Plaintiff David Takeda seeks to represent a class of consumers who bought Quest protein bars, which he claims were misbranded due to alleged false and misleading label statements about the bars' fiber and active carbohydrates content.  That claim is premised on Quest's use of a fiber substance called isomalto-oligosaccharide ("IMO").

3. I printed out from the federal website www.regulations.gov (a multi-agency website where citizens can view federal regulations and other actions by agencies including the federal Food and Drug Administration ("FDA")) a copy in its entirety of a proposed Rule published on March 3, 2014 entitled "Food Labeling: Revision of the Nutrition and Supplement Facts Labels" (to be codified as an amended version of 21 CFR Part 101) which appeared in Volume 79 of the Federal Register at pages 11880 through 11987.

4. As published in the Federal Register, the Rule is over 100 pages long and it covers a wide variety of topics, the vast majority of which have no pertinence to

| | 7 | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |
| --- | --- | --- |

this case.  In light of that, and the massive file size of a scanned pdf of a document

that long, Defendants are officially efiling only relevant excerpts of the Rule, a

true and correct copy of which excerpts (with bracketing to indicate the most

relevant passages) are attached hereto as Exhibit A.  However, when a mandatory

chambers copy of the efiled motion papers are delivered, they will be

accompanied by a complete copy of the entire proposed Rule in case the Court

wishes to review it (and a complete copy will also be served on Plaintiff's

counsel).

5. The March 2014 proposed Rule on food labeling states that the FDA is

defining "dietary fiber" for the first time.  The Rule addresses dietary fiber in

ways directly pertinent to the issues in this case, and mandates that a citizen's

petition process be used to have the FDA declare a particular isolated non-

digestible carbohydrate (such as IMO) declared to be dietary fiber.

6. Attached hereto as Exhibit B is a true and correct copy of an August 23,

2014 printout from www.regulations.gov showing that in May 2014 the FDA had

extended the comment period for the proposed revised labeling Rule until August

1, 2014 and that the comment period had closed.

7. Defendants are requesting that the Court take judicial notice of the

official FDA materials attached as Exhibits A and B.

8. Quest is planning to file a citizen's petition relating to IMO soon after the

proposed Rule is finalized.

| | 8 | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |
|---|---|---|

1     Executed on September 26, 2014 at Los Angeles, California.

2

3     I declare under penalty of perjury under the laws of the State of California

4 that the foregoing is true and correct.

5                /s/: *George C. Salmas*

6

7                 George C. Salmas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

|  | 9 | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF FDA ITEMS |